UNITED STATES BANKRUPTCY COURT
District of Delaware

| | |
|---|---|
| IN RE<br><br>MORTON HOLDINGS, LLC, ET AL.<br><br>    DEBTOR. | Chapter 11<br><br>Case No. 02-13244 (PJW) |
| Howard S. Cohen, as Liquidating Trustee,<br><br>    PLAINTIFF,<br><br>-AGAINST-<br><br>PRIMEX PLASTICS CORPORATION,<br><br>    DEFENDANT. | AP No.: 04-56106 |

**MOTION OF PRIMEX PLASTICS CORPORATION FOR WITHDRAWAL OF THE REFERENCE**

Defendant PRIMEX PLASTICS CORPORATION ("Primex") hereby moves (the "Motion") the Court for an Order under 28 U.S.C. § 157(d) and Bankruptcy Rule 5011 withdrawing the reference of the above captioned adversary proceeding (the "Adversary Proceeding"). In support of its Motion, Primex respectfully incorporates its brief filed with this Motion.

WHEREFORE, Primex respectfully requests that this Court enter an order withdrawing the reference.

Dated:  New York, New York
        April 18, 2005

ROLAND GARY JONES, ESQ.

By: /s/Roland Gary Jones

Roland Gary Jones (rgj-6902)
1285 6th Avenue Suite 3500
New York, New York 10019
(212) 554-4404

UNITED STATES BANKRUPTCY COURT
District of Delaware

---

| | |
|---|---|
| IN RE<br><br>MORTON HOLDINGS, LLC, ET AL.<br><br>DEBTOR. | Chapter 11<br><br>Case No. 02-13244 (PJW) |
| Howard S. Cohen, as Liquidating Trustee,<br><br>PLAINTIFF,<br><br>-AGAINST-<br><br>PRIMEX PLASTICS CORPORATION,<br><br>DEFENDANT. | AP No.: 04-56106 |

---

**OPENING BRIEF OF PRIMEX PLASTICS CORPORATION IN SUPPORT OF ITS MOTION FOR WITHDRAWAL OF THE REFERENCE**

1. The above-captioned adversary proceeding is an action to avoid allegedly preferential payments made to Primex by the debtors MORTON HOLDINGS, LLC, ET AL. ("Morton"), brought by Howard S. Cohen, as Liquidating Trustee.

2. Pursuant to 28 U.S.C. § 157(d), the Court should withdraw the reference of this adversary proceeding to the Bankruptcy Court because this motion is timely and Primex has cause for seeking the withdrawal. The motion is timely because discovery has concluded and the deadline for filing dispositive motions has passed. In addition, Primex has cause for seeking the withdrawal because litigating this proceeding in the Bankruptcy Court would

deprive Primex of its right to a jury trial under the Seventh Amendment to the Constitution.

**FACTUAL AND PROCEDURAL BACKGROUND**

3. The debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on November 1, 2002.

4. Thereafter, the Bankruptcy Court ordered that the debtors' cases be administered jointly.

5. On October 29, 2004, Morton commenced this adversary proceeding by filing a complaint against Primex seeking to recover $78,465.92 in allegedly preferential payments, pursuant to Section 547 of the Bankruptcy Code. The complaint alleges that Primex received preferential payments from the debtors within the ninety days prior to the petition date.

6. On December 2, 2004, Primex filed its answer, in which it demanded a jury trial.

7. Primex has not filed a proof of claim against any of the debtors.

8. Pursuant to Local Bankruptcy Rule 5011-1 Primex has simultaneously filed a motion to determine whether the proceeding at issue is core or non-core. As discussed above, this is a proceeding by Morton to recover alleged preferential payments made by the debtors to Primex. 28 U.S.C. § 157(b)(2)(F) specifically provides that "[c]ore proceedings include . . . proceedings to determine, avoid, or recover preferences."

**THE COURT SHOULD WITHDRAW THE REFERENCE BECAUSE LITIGATING THIS PROCEEDING IN THE BANKRUPTCY COURT WOULD DEPRIVE PRIMEX OF ITS CONSTITUTIONAL RIGHT TO A JURY TRIAL.**

9. Pursuant to 28 U.S.C. § 157(d), the Court may withdraw any proceeding otherwise referred to a Bankruptcy Court on "timely" motion of a party and "for cause shown."

10. A motion for withdrawal is "timely" when made "as soon as possible after the moving party has notice of the grounds for withdrawing the reference or at the first reasonable

opportunity." *Young v. Snyder*, No. CIV.A. 94-0005, 1994 WL 81955, at *3 (E.D. Pa. March 11, 1994).

11. A district court may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion is made at an early stage of the proceedings and dispositive motions may resolve the matter. See *In re Apponline.Com*, 303 B.R. at 728; *In re Enron Power Mktg., Inc.*, 2003 WL 68036, at 10-11; *In re Enron Corp.*, 295 B.R. at 27-28. See *Winstar Communications v. Julius Kraft*, 321 B.R. 761 (D.Del 2005)(" In this case, the Court concludes that Defendants did not make the motion to withdraw at an early stage of the proceedings and, thus, a demand for a jury trial is sufficient cause for discretionary withdrawal in these circumstances.")

12. In this proceeding, the time to file dispositive motions expires on April 18, 2005. Accordingly, this motion is timely under 28 U.S.C. § 157(d).

13. Primex also has "cause" for withdrawing the reference because Primex has a constitutional right to a jury trial, which can only take place in the District Court.

14. The Seventh Amendment to the Constitution provides as follows: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . " U.S. Const. amend. VII. In *Langenkamp v. Culp*, the Supreme Court expressly confirmed that the right to a jury trial under the Seventh Amendment applies to parties to a preference action. See *Langenkamp v. Culp*, 498 U.S. 42 (1990). Relying on its earlier decision in *Granfinanceria, S.A. v. Nordberg*, 492 U.S. 33 (1989), the *Langenkamp* Court affirmed that a party to a preference action is entitled to a jury trial unless the party has filed a claim against the debtor's estate. See *Langenkamp*, 498 U.S. 42 at 44.

15. As discussed above, this is an action by Morton to seek recovery of allegedly preferential payments. Moreover, Primex has not asserted a claim against the debtors' estates or otherwise consented to the jurisdiction of the Bankruptcy Court. Accordingly, pursuant to

*Langenkamp*, Primex is entitled to a jury trial, which it has demanded in its answer. In re EXDS, Inc., 301 B.R. 436, 42 Bankr.Ct.Dec. 41(Bankr.D.Del., 2003)

16. The Bankruptcy Court would not be able to conduct a jury trial in this case. A bankruptcy court only has authority to conduct a jury trial "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e) (emphasis added). Primex does not consent to a jury trial in the Bankruptcy Court.

17. Because Primex has a constitutional right to a jury trial, which only the District Court can conduct, there is "cause" for withdrawing the reference. In discussing the factors that a court should consider in deciding whether there is "cause" to withdraw the reference, this Court, in *In re NDEP Corp.*, emphasized the importance of the request for a jury trial. See *In re NDEP Corp.*, 203 B.R. at 908. There, the Court wrote that "[the demand for a jury trial] is important, because absent the express consent of both parties and a special designation of jurisdiction by the district court, the bankruptcy court may not hold a jury trial." Id.

## CONCLUSION

18. For the foregoing reasons, Primex respectfully requests that the Court grant its motion for withdrawal of the reference to the Bankruptcy Court.

WHEREFORE, Primex respectfully requests that the Court enter an order: (1) withdrawing the standing order of reference to the Bankruptcy Court with regard to this proceeding; and (2) granting such other and further relief as the Court deems just and proper.


Dated:  New York, New York
        April 18, 2005

ROLAND GARY JONES, ESQ. LLC

By:

/s/Roland Gary Jones
Roland Gary Jones (rgj-6902)
1285 6th Avenue Suite 3500
New York, New York 10019
(212) 554-4404

TO: Attached Service List

UNITED STATES BANKRUPTCY COURT
District of Delaware

_____

IN RE                                            Chapter 11

MORTON HOLDINGS, LLC, ET AL.
    Case No. 02-13244 (PJW)

DEBTOR.

_____

MORTON HOLDINGS, LLC, ET AL.,
                                       AP No.: 04-56106

Plaintiff,

-AGAINST-

PRIMEX PLASTICS CORPORATION,

Defendant.

_____

**CERTIFICATE OF SERVICE**

I, Roland Gary Jones, certify under penalty of perjury that on April 18, 2005, I caused to be served a true and correct copy of the foregoing Motion to Withdraw the Reference, by first class mail[1], postage prepaid, upon the parties listed o the service listed on the service list annexed hereto.

/s/ Roland Gary Jones
_____
Roland Gary Jones

---

[1] Unless another, or additional, method of delivery is indicated on the Service List.

**Service List**

**By: Email:**

**Steven K. Kortanek**
**Klehr, Harrison, Harvey et al.**
**Attorneys for Morton Holdings LLC, et al.**