UNITED STATES BANKRUPTCY COURT
District of Delaware

---

IN RE                                           Chapter 11

MORTON HOLDINGS, LLC, ET AL.
                                                Case No.
                                                02-13244 (PJW)

    DEBTOR.

---

Howard S. Cohen, as Liquidating Trustee,
                                                AP No.: 04-56106

    PLAINTIFF,

-AGAINST-

Primex Plastics Corporation,

    DEFENDANT.

---

**RESPONSE OF PRIMEX, PLASTICS CORPORATION TO HOWARD S. COHEN'S OBJECTION TO PRIMEX PLASTICS CORPORATION'S MOTION FOR WITHDRAWAL OF THE REFERENCE**

**Defendant Has An Absolute Right**
**To a Jury Trial in District Court**

1. The Supreme Court has established beyond a doubt that a defendant to a preference action who, like the Defendant, has not filed a proof of claim or otherwise submitted to the jurisdiction of the Bankruptcy Court, has a right to a jury trial in an Article III court pursuant to the Seventh Amendment.

2. As early as 1932, in *Schoenthal v. Irving Trust Co.*, 287 U.S. 92 (1932), the Supreme Court ruled that a preference action is one grounded in law to which the Seventh

Amendment right to a jury trial attaches. See id. at 96. The trustee of the bankrupt's estate in *Schoenthal* brought a suit in equity against two individuals to recover an allegedly preferential transfer. See id. at 93. The defendants then moved for a jury trial on the law side of the court, which the lower court denied. See id. at 93-94.

3. In reversing the lower court's decision, the Supreme Court ruled that the preference action was an action at law, and that the defendants were accordingly entitled to a jury trial. See id. at 94-96 ("As plaintiff's bill shows that it had a plain, adequate, and complete remedy at law, defendants were entitled upon proper application to have the suit transferred and trial by jury."). The Court's ruling also emphasized the importance of the Seventh Amendment right to a jury trial. In citing the rule against equitable remedies where a complete remedy exists at law, the Court wrote that that rule was important because it "serves to guard the right of trial by jury preserved by the Seventh Amendment and to that end it should be liberally construed." Id. at 94.

4. Over fifty years later, in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), the Supreme Court upheld and relied on *Schoenthal* to rule that a fraudulent conveyance action — like a preference action – is an action at law entitled to a trial by jury. See *Granfinanciera*, 492 U.S. at 48, 55. Although the holding of *Granfinanciera* is limited to fraudulent conveyances, the Court's analysis of whether the action was at law and thus entitled to a jury trial included both fraudulent conveyance and preference actions. See *Granfinanciera*, 492 U.S. at 43, 50, 61 n.16. Furthermore, in discussing its decision in *Katchen v. Landy*, 382 U.S. 323(1966), the Court explicitly restated that the defendant to a preference action is entitled to a jury trial unless the defendant has filed a claim against the estate. See *Granfinanciera*, 492 U.S. at 57-58, 58 n.13.

5. The year after the *Granfinanciera* decision, the Supreme Court relied on it in deciding *Langenkamp v. Culp*, 498 U.S. 42 (1990). *Langenkamp* dealt squarely with the issue of the right to a jury trial in preference actions. In *Langenkamp*, the Court cited

Granfinanciera and Katchen in approving the Tenth Circuit's holding that defendants to a preference action "that did not have or file claims against the debtors' estates undoubtedly [were] entitled to a jury trial." *Langenkamp*, 498 U.S. at 44 (quoting *Langenkamp v. Hackler (In re Republic Trust & Sav. Co.)*, 897 F.2d 1041, 1046 (1990)) (alteration in original).

6. There can be no dispute that (a) Plaintiff, in its adversary complaint, seeks only money damages, and (b) Defendant has not filed a proof of claim in these cases. Defendant's constitutional right to a jury trial thus mandates withdrawal of the reference to the Bankruptcy Court.

**Defendant's Motion is Timely and The Case Must be Immediately Transferred.**

7. A motion for withdrawal is "timely" when made "as soon as possible after the moving party has notice of the grounds for withdrawing the reference <u>or at the first reasonable opportunity</u>." *Young v. Snyder*, No. CIV.A. 94-0005, 1994 WL 81955, at *3 (E.D. Pa. March 11, 1994)(emphasis added).

8. Courts in this District have found a motion for withdrawal to be timely when filed after the conclusion of discovery. Please see *Shubert v. Julius Kraft Co. (In re Winstar Communs., Inc.)*, 321 B.R. 761 ("In this case, the Court concludes that Defendants did <u>not</u> make the motion to withdraw at an early stage of the proceedings and, thus, a demand for a jury trial is sufficient cause for discretionary withdrawal in these circumstances. Further, the Court finds that the Trustee has not shown that it would be unduly prejudiced by withdrawal, even though the case has been pending for some time.") (Emphasis added.)

9. The Plaintiff seems to argue that it is somehow the fault of the Defendant that the Bankruptcy Court set a trial date a little over a month after the close of discovery and the deadline for dispositive motions. It seeks to cut short Defendant's Constitutional right to

a jury trial based upon an arbitrary and self serving deadline. Plaintiff has failed to cite any cases in this District for the proposition that the Defendant should not have waited until the discovery process had concluded, and the deadline for dispositive motions had expired, prior to filing the instant motion. Plaintiff is drawing lines in the sand. The Court should not deny Defendant's assertion of its Constitutional to a jury trial on Plaintiff's unsupported assertions.

10. Plaintiff seems to claim that it did not have sufficient notice of Defendant's intention to seek a jury trial and that it will be prejudiced by that lack of notice.

11. However, Defendant in its Answer clearly demanded a jury trial and that unarguably put the Plaintiff on notice that it would later file the appropriate motion.

12. Plaintiff also argues without explanation that it is prejudiced by the withdrawal of this case a month prior to trial. Defendant made its Motion directly after the end of the discovery period and the deadline for dispositive motions. In fact, this is the most reasonable time to make the instant motion. There would be no need for a trial if parties could resolve the issues by dispositive motion. Defendant based its Motion on its reasonable belief that given the highly factual nature of its defense and the large amount of money involved, a trial would be necessary if dispositive motions did not resolve the case.

13. Plaintiff has failed to explain why it would be prejudiced by having the case transferred at this time. In fact, transfer of the cases would pose no conceivable delay to the discovery process, which is over, and Plaintiff fails to point to any other specific delay or prejudice. In short, Defendant filed this Motion when it seemed that the case was trial ready.

14. Denying Defendant's Motion based upon Plaintiff's Objection would create bad law. Requiring the automatic filing of motions to withdraw the reference with the filing of answers would stampede Defendants into filing premature preemptive motions prior to

any reasonable analysis and prior to trial readiness. The result would be the needless inflation of legal costs and the waste of judicial resources.

15. Recent case law in this District on the issue of reference withdrawal denied a motion to withdraw the reference as premature. In *Wakefern Food Corp. v. C&S Wholesale Grocers, Inc.*, 2002 U.S. Dist. LEXIS 12609 (Del 2002), the District Court faced a motion to withdraw the reference made approximately fifteen weeks after an answer had been filed. It found that the motion was premature because the case was not "trial ready". Id. at 12609.

16. Defendant is trial ready and the timeliness of this Motion is reasonable. Based on the controlling case law of *Wakefern Food* had Defendant made its Motion any earlier it would have been denied as premature.

Wherefore, for the above reasons, Defendant respectfully requests that its Motion be granted in full.

Dated:  New York, New York
        May 9, 2005

                                            ROLAND GARY JONES, ESQ. LLC

                                            By:

                                                /s/Roland Gary Jones
                                                Roland Gary Jones (rgj-6902)
                                                1285 6th Avenue Suite 3500
                                                New York, New York 10019
                                                (212) 554-4404

TO: Attached Service List

UNITED STATES BANKRUPTCY COURT
District of Delaware

IN RE

MORTON HOLDINGS, LLC, ET AL.

DEBTOR.

Chapter 11

Case No.
02-13244 (PJW)

Howard S. Cohen, as Liquidating Trustee,

PLAINTIFF,

-AGAINST-

Primex Plastics Corporation,

DEFENDANT.

AP No.: 04-56106

## CERTIFICATE OF SERVICE

I, Roland Gary Jones, certify under penalty of perjury that on May 9, 2005, I caused to be served a true and correct copy of the foregoing Motion to Withdraw the Reference, by first class mail[1], postage prepaid, upon the parties listed o the service listed on the service list annexed hereto.

/s/ Roland Gary Jones

Roland Gary Jones

---

[1] Unless another, or additional, method of delivery is indicated on the Service List.

**Service List**

**By: Email:**

Steven K. Kortanek
Klehr, Harrison, Harvey et al.