## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| MORTON HOLDINGS, LLC, et al., | : Case No. 02-13224 (PJW) |
| | : Jointly Administered |
| Debtors. | : |
| | : |
| HOWARD S. COHEN, as The Liquidating | : |
| Trustee of the Liquidating Trust for the | : |
| estates of MORTON HOLDINGS LLC, | : |
| MORTON CUSTOM PLASTICS LLC | : Adv. Pro. No. 04-56106 (PBL) |
| AND MORTON LEBANON | : |
| KENTUCKY IBRB, LLC | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| PRIMEX PLASTICS CORPORATION, | : |
| | : |
| Defendant. | : |
| | : |

### ANSWERING BRIEF OF HOWARD S. COHEN, AS LIQUIDATING TRUSTEE, IN OPPOSITION TO MOTION OF PRIMEX PLASTICS CORPORATION FOR WITHDRAWAL OF THE REFERENCE

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS, LLP
Steven K. Kortanek (#3106)
Stephanie A. Fox (#3165)
919 Market Street, Suite 1000
Wilmington, DE 19801
(302) 426-1189 Telephone
(302) 426-9193 Facsimile

and

DEL1 61228-1

Carolyn H. Dicker
260 South Broad Street
Philadelphia, PA  19102-5003
(215) 568-6060 Telephone
(215) 568-6603 Facsimile

Attorneys for Howard Cohen, as
Liquidating Trustee

Dated:  May 2, 2005

DEL1 61228-1

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF PROCEEDINGS.. ....................................................1

II.   SUMMARY OF ARGUMENT. ...................................................................2

III.  STATEMENT OF FACTS. .......................................................................3

IV.   ARGUMENT ........................................................................................5

      A.    Mandatory Withdrawal is Inapplicable to the Adversary Proceeding. ...................6

      B.    Defendant is Not Entitled to Permissive Withdrawal of the Reference of This
            Adversary Proceeding to the United States District Court for the District of
            Delaware Since it Did Not Timely File its Motion. ...............................................7

            1.    The goals of promoting uniformity in bankruptcy administration ...............8

            2.    Reducing forum shopping and confusion .......................................8

            3.    Fostering the economical use of the debtors' and creditors' resources .......8

            4.    Expediting the bankruptcy process .............................................8

            5.    Timing of the request for withdrawal. .........................................9

      C.    Defendant's Motion to Withdraw the Reference, Filed Less Than Seven (7)
            Weeks Before Trial Would Severely Prejudice the Plaintiff and the Creditors
            of the Estate. ....................................................................................11

      D.    In the Alternative, Plaintiff Seeks Expedited Listing for Trial of the Adversary
            Proceeding if the Reference is Withdrawn .....................................................12

V.    CONCLUSION. ...................................................................................13

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Davis v. Mahlmann (In re: Mahlmann),*
  149 B.R. 866 (N. Distr. Ill. 1993)................................................................9, 10

*Marathon Pipeline Construction Co. v. Marathon Pipe Line Co.,*
  458 U.S. 50, 102 S. Ct. 2858 (1982)................................................................5

*NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.),*
  203 B.R. 905 (D. Del. 1996)................................................................7

*Pension Benefit Guaranty Corp. v. Continental Airlines, Inc. (In re Continental
  Airlines, Inc.),* 138 B.R. 442 (D. Del. 1992)................................................................6

*In re Pruitt,* 910 F.2d 1160 (3d Cir. 1990)................................................................7

*In re Securities Group 1980,* 89 B.R. 192 (M.D. Fla. 1988)
  *subsequently aff'd in part, rev'd in part on other grounds,*
  2 F.3d 1098 (11th Cir. 1993)................................................................10

*The LTV Corp. (In re: Chateaugay Corporations),*
  86 B.R. 33 (S.D. N.Y. 1986)................................................................6

*United States v. Kaplan,* 146 B.R. 500 (D. Mass. 1992)................................................................9, 10

### FEDERAL STATUTES

28 U.S.C. § 157................................................................1, 5

28 U.S.C. § 157(a)................................................................5

28 U.S.C. § 157(b)(2)................................................................1

28 U.S.C. § 157(d)................................................................5, 6

28 U.S.C. § 1334(a)................................................................5

28 U.S.C. § 1334(b)................................................................5

28 U.S.C. § 1409................................................................1

DEL1 61228-1

Plaintiff, Howard Cohen, as Liquidating Trustee (the "Liquidating Trustee" and Plaintiff, herein) for the estates of Morton Holdings LLC, Morton Custom Plastics LLC and Morton Lebanon Kentucky IBRB, LLC, (collectively, "Morton" or the "Debtors") files this answering brief (the "Answering Brief") in opposition to the *Motion of Primex Plastics Corporation for Withdrawal of the Reference* and accompanying *Opening Brief of Primex Plastics Corporation in Support of Its Motion for Withdrawal of the Reference* (collectively, the "Motion") and in support thereof states as follows:

## I. NATURE AND STAGE OF PROCEEDINGS.

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334 because this proceeding arises under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code"), and arises in and is related to the jointly administered chapter 11 cases filed by the Debtors on November 1, 2002 (the "Petition Date") and pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case Nos. 02-13224 (PJW) through 02-13226 (PJW).  Venue is proper in the District of Delaware under 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to the Debtors' bankruptcy cases currently pending in this District.  This proceeding is a "core proceeding" under 28 U.S.C. § 157(b)(2).[1]

On November 1, 2002 the Debtors filed voluntary petitions for relief with this Court under chapter 11 of the Bankruptcy Code. The Debtors continued in possession of

---

[1] On April 20, 2005, contemporaneously with the filing of this Motion, Primex Plastics Corporation filed its *Motion of Primex Plastics Corporation for Determination that Adversary Proceeding Is Core* [D.I. 23], which Motion requests that the Court enter an order that the Adversary Proceeding is a non-core proceeding (Motion at ¶4) but seeks entry of an Order finding that the Adversary Proceeding is a core proceeding (Motion at ¶Conclusion and prayer for relief).

its assets and the management and operation of its business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until July 8, 2003, the effective date of the Plan (as further defined in Section III, below).

Plaintiff is the Liquidating Trustee of the Liquidating Trust appointed pursuant to section 1.41 of the Plan. Article VI of the Plan vests the Liquidating Trustee with authority to prosecute claims pursuant to chapter 5 of the Bankruptcy Code.

On October 29, 2004, the Liquidating Trustee filed its *Complaint of Howard S. Cohen, as Liquidating Trustee of the Liquidating Trust for the Estates of Morton Holdings LLC, Morton Custom Plastics LLC and Morton Lebanon Kentucky IBRB, LLC for Avoidance of Preferential Transfers Under 11 U.S.C. § 547 and Recovery of Property Pursuant to 11 U.S.C. § 550* (the "Complaint") against Primex Plastics Corporation (the "Defendant") [D.I. 1]. On December 2, 2004, the Defendant filed its *Answer to Complaint* (the "Answer") [D.I. 5].

An initial pre-trial conference was held before the Honorable Paul B. Lindsey on January 12, 2005 and a scheduling order (the "Scheduling Order") was entered in this Adversary Proceeding by Order of this Court dated January 14, 2005. [D.I. 12]. Mediation was held on April 20, 2005 and trial is scheduled for June 7, 2005 at 9:00 a.m.

## II.    SUMMARY OF ARGUMENT.

1.    Mandatory withdrawal is not applicable to this Adversary Proceeding.

2.    Defendant is not entitled to permissive withdrawal of the reference of this Adversary Proceeding to the United States District Court for the District of Delaware since it did not timely file its Motion.

2

DEL1 61228-1

3.    Defendant's Motion for Withdrawal of the Reference, filed less than seven (7) weeks before trial, would severely prejudice the Plaintiff and the creditors of the estate.

## III.    STATEMENT OF FACTS.

Each of the Debtors is a limited liability company. Morton Holdings LLC, was a holding company whose primary asset was its 100% interest of Morton Custom Plastics LLC. Morton Custom Plastics was the Debtors' primary operating company and concentrated in two lines of business: the "injection molded" and the "thermoformed" plastics businesses. Morton Lebanon Kentucky IRRB, LLC was a limited liability company whose sole assets were industrial revenue bonds issued by the City of Lebanon, Kentucky, in connection with the manufacturing facility located in Lebanon, Kentucky. *See Complaint* at ¶6.

Prior to the Petition Date the Debtors were engaged in the contract manufacturing business, specifically in connection with highly-engineered plastic components and sub-assemblies for industrial, agricultural and recreational vehicle original equipment manufacturers. The Debtors' manufacturing operations were primarily located in North Carolina, Kentucky and South Carolina and the Debtors' corporate offices were located in Morton, Illinois. *See Complaint* at ¶5.

The First Amended Plan of Liquidation of the Debtors (the "Plan") was approved by order of the Bankruptcy Court entered on June 23, 2003 (the "Confirmation Order") [D.I.292].

Pursuant to the Plan and Confirmation Order, the Debtors' estates were substantively consolidated, resulting in a single entity consisting of the combined assets and liabilities of Morton Holdings LLC, Morton Custom Plastics LLC and Morton

3

DELI 61228-1

Lebanon Kentucky IBRB, LLC.   All rights, title and interest of the Debtors in all remaining assets and causes of action were transferred to the Liquidating Trust pursuant to section 1.40 of the Plan. *See Complaint* at ¶8.

Plaintiff is the Liquidating Trustee of the Liquidating Trust appointed pursuant to section 1.41 of the Plan.   Article VI of the Plan vests the Liquidating Trustee with authority to prosecute claims pursuant to chapter 5 of the Bankruptcy Code.   *See Complaint* at ¶9.

On October 29, 2004, the Plaintiff filed its *Complaint of Howard S. Cohen, as Liquidating Trustee of the Liquidating Trust for the Estates of Morton Holdings LLC, Morton Custom Plastics LLC and Morton Lebanon Kentucky IBRB, LLC for Avoidance of Preferential Transfers Under 11 U.S.C. § 547 and Recovery of Property Pursuant to 11 U.S.C. § 550* (the "Complaint") against the Defendant [D.I. 1].

On December 2, 2004, the Defendant filed its *Answer to Complaint* (the "Answer") [D.I. 5].

A Scheduling Order was entered in this Adversary Proceeding by Order of the Bankruptcy Court dated January 14, 2005. [D.I. 12].   Pursuant to the Scheduling Order, all fact discovery shall be completed no later than March 2, 2005, all expert discovery shall be completed and all discovery shall close no later than April 1, 2005.  [D.I. 12].

On March 3, 2005, this Court entered its *Order Assigning Adversary Proceeding to Mediation and Setting Mediation Deadlines,* pursuant to which Daniel J. DeFranceschi was appointed as mediator and trial was set for June 7, 2005 at 9:00 a.m.  [D.I. 16].

On March 3, 2005, the parties filed a *Stipulation Assigning Adversary Proceeding to Mediation and Setting Mediation Deadlines* [D.I. 17], which was approved by Order of

4

the Bankruptcy Court dated March 9, 2005 (the "Amended Mediation Order") [D.I. 19]. Pursuant to the Amended Mediation Order, Francis Monaco, Esquire was selected as mediator. [D.I. 19]. The parties participated in the court-appointed mediation on April 20, 2005. Trial is scheduled for June 7, 2005 at 9:00 a.m. [D.I. 16].

IV.    **ARGUMENT**

United States District Courts have original and exclusive jurisdiction over all cases under the Bankruptcy Code, as well as original but non-exclusive jurisdiction over all civil proceedings "arising under" the Bankruptcy Code or "arising in or related to" cases under the Bankruptcy Code. 28 U.S.C. § 1334(a) and (b). However, "each District Court may provide that...any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Pursuant to the aforementioned sections, the District Court for the District of Delaware (the "District Court") currently provides for the automatic referral of such cases to the Bankruptcy Court.[2]

Notwithstanding this referral, the District Court "may withdraw, in whole or part, any case or proceeding referred under 28 U.S.C. § 157, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added). The latter section was part of "the congressional response to *Marathon Pipeline Construction Company v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858 (1982), which held unconstitutional the broad grant of jurisdiction given to the bankruptcy judge under the Bankruptcy Code to hear and determine all matters arising under or related to [the

---

[2] In an unpublished order dated December 15, 2000, the District Court for the District of Delaware reinstated the automatic reference to the Bankruptcy Court effective February 3, 2001. The District Court had revoked a prior order of automatic reference in 1997.

DELI 61228-1

Bankruptcy Code]". *See The LTV Corporation (In re: Chateaugay Corporations)*, 86 B.R. 33, 36 (S.D. N.Y. 1986).

### A. Mandatory Withdrawal is Inapplicable to the Adversary Proceeding.

Under section 157(d), withdrawal is mandatory in some circumstances and permissive in others. The section provides that the "district court shall...withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).

In Delaware, two factors must be satisfied for mandatory withdrawal: -- mandatory withdrawal is required in Delaware if "(i) consideration of laws outside title 11 is necessary for the resolution of the case or proceeding and (ii) the consideration of federal law outside the Bankruptcy Code necessary to resolve the proceeding is substantial and material." *Pension Benefit Guaranty Corp. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 138 B.R. 442, 444-45 (D. Del. 1992) (District Court held that neither permissive or mandatory withdrawal were necessary because consideration of a federal law (ERISA) was not required).

As neither of these two factors is applicable to the Adversary Proceeding, in that it does not require the consideration of title 11 and other federal laws or activities affecting interstate commerce, the District Court is not required to withdraw the reference.

6

DEL1 61228-1

**B.**     **Defendant is Not Entitled to Permissive Withdrawal of the Reference of this Adversary Proceeding to the United States District Court for the District of Delaware Since it Did Not Timely File its Motion.**

In other instances, withdrawal is permissive.  The discretionary withdrawal provision of § 157(d) provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, or its own motion or on a timely motion of any party, for cause shown.

The circumstances that constitute "cause" for withdrawal are not enumerated in the Bankruptcy Code.  *See also NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 908 (D. Del. 1996).  Permissive withdrawal is not appropriate in this case.  In the Third Circuit, the following are the factors to determine whether "cause" for permissive withdrawal has been shown:

1.     the goals of promoting uniformity in bankruptcy administration;

2.     reducing forum shopping and confusion;

3.     fostering the economical use of the debtors' and creditors' resources;

4.     expediting the bankruptcy process; and

5.     timing of the request to withdraw.

*In re Pruitt*, 910 F. 2d 1160, 1168 (3d Cir. 1990).

The <u>sole</u> basis of the "cause" argument with respect to Defendant's request for withdrawal is that it has asserted a right to a jury trial.  Otherwise, Defendant does not even address the remaining "cause" factors.  The application of these five factors to the Adversary Proceeding strongly suggests that the District Court should not withdraw the reference to the Bankruptcy Court.

7

DEL1 61228-1

1.    **The goals of promoting uniformity in bankruptcy administration**

The Plaintiff has filed forty (40) adversary proceedings, which are all on the same litigation track in the Bankruptcy Court, with the latest trial date set for August 9, 2005. Most all remaining estate issues affecting the administration of the estate and distribution to creditors is presently before the Bankruptcy Court, and expected to be completed within the next six (6) to (9) months.

2.    **Reducing forum shopping and confusion**

The Defendant admits that the Adversary Proceeding is a "core" proceeding and thus, the only other available forum would be the District Court. Withdrawal of the reference would not provide any assistance or preclude any appropriate forum shopping – as this Adversary Proceeding will only be appropriate in the Bankruptcy Court or the District Court.

3.    **Fostering the economical use of the debtors' and creditors' resources**

As stated above, he Plaintiff has filed forty (40) adversary proceedings, which are all on the same litigation track in the Bankruptcy Court. All claim objections and estate administration issues are pending before the Bankruptcy Court.    Matters are heard on set omnibus hearing dates, or fixed trial dates set in the Adversary Proceedings, namely June 7th and August 9th.    Withdrawal of the reference would require an expenditure of time and estate resources to handle the proceeding under a separate scheduling order and in a different court.

4.    **Expediting the bankruptcy process**

The bankruptcy process will be significantly delayed if Defendant's Motion is granted.    All pending adversary proceedings are set to conclude with trials set as late as August 9, 2005.   The claim objections and reconciliation are almost complete.   Within

DEL1 61228-1

the next six (6) to nine (9) months the Plaintiff will be preparing to make distributions and close the estate.   These matters cannot be completed if this Adversary Proceeding is still pending.

### 5.    Timing of the request for withdrawal.

Generally, motions to withdraw the reference must be made at the first reasonable opportunity in order to avoid unnecessary delays and costs. *See Davis v. Mahlmann* (In re: Mahlmann), 149 B.R. 866 (N. Distr. Ill. 1993); *United States v. Kaplan*, 146 B.R. 500 (D. Mass. 1992).   The purpose of this requirement is to "prevent parties from form shopping, stalling, or otherwise engaging in obstructionist tactics." *Mahlmann*, 149 B.R. at 866.

In the instant case, Defendant filed the instant Motion seven (7) months after it received the Complaint.   During the seven (7) months that have expired since the institution of this lawsuit, the Defendant has done nothing to attempt to withdraw the reference to the District Court, though knowing full well that if Defendant wished to seek its right to a jury trial, a motion would be required.   Rather, the Defendant continued a clearly blatant attempt to delay adjudication of the preference issue and waited until less than seven (7) weeks before the trial to file its Motion.[3]   Further, Defendant waited until well after the close of both fact and expert discovery and the expiration of the deadline for filing dispositive motions.

Though parties with a right to a jury trial may show cause for permissive withdraw of the reference, that cause must be supported with a "timely motion". *See*

---

[3] Further, the Defendant filed the instant Motion concurrently with the filing of a Motion for Summary Judgment which it seeks to have heard by the Bankruptcy Court, and, filed both motions concurrently with the attendance at a court appointed mediation attempting to facilitate a consensual resolution of this Adversary Proceeding

DEL1 61228-1

§157(d). Here, the Defendant's Motion is far from timely. Rather, this Motion is a flagrant attempt to stall continued mediation discussions and delay the trial currently scheduled for June 7, 2005. *See In re: Mahlmann*, 149 B.R. at 866 (denying a motion as untimely when it was filed one (1) month after the complaint and five (5) months after the bankruptcy filing date); *U.S. v. Kaplan*, 146 B.R. at 500 (denying motion as untimely despite the fact that judicial economy weighed in favor of withdrawal, since the IRS had waited until the "final stretch" of litigation to file its motion. Accordingly, Defendant's Motion must be denied as untimely.

The Defendant's Motion also fails to identify how and why it believes the Motion is timely. The only reference is in paragraphs 9 and 10, wherein the Defendant asserts that a motion for withdrawal is "timely" when made "as soon as possible after the moving party has notice of the grounds for withdrawing the reference or at the first reasonable opportunity". *See* Motion at ¶ 9,10.

This is clearly not the case. The Defendant made a demand for jury trial in its Answer, filed on December 2, 2004. There were numerous instances in the previous four (4) months during which an appropriate motion could have been made. Rather, Defendant chose to wait until the close of discovery, the scheduling and attendance at mediation and the pertinent weeks leading up to trial during which time the Plaintiff would be engaged in substantive trial preparation to file the instant motion. Clearly, this is not timely. In fact, failure to make the motion at the first opportunity may constitute an implied waiver by all parties involved. *See In re Securities Group 1980*, 89 B.R. 192 (M.D. Fla. 1988), *subsequently aff'd in part, rev'd in part on other grounds* 2 F.3d 1098 (11th Cir. 1993).

10

DEL1 61228-1

**C.**   **Defendant's Motion to Withdraw the Reference, Filed Less Than Seven (7) Weeks Before Trial Would Severely Prejudice the Plaintiff and the Creditors of the Estate.**

Withdrawal of the reference by the District Court at this time would severely prejudice the Plaintiff and the creditors of this estate. Trial is scheduled for June 7, 2005. It is less than seven (7) weeks before trial. The Plaintiff is the Liquidating Trustee appointed pursuant to the First Amended Plan of Liquidation of Morton Holdings, LLC, Morton Custom Plastics LLC and Morton Lebanon Kentucky IRRB, LLC approved by order of the Bankruptcy Court on June 23, 2003. Since his appointment, the Plaintiff has analyzed and reconciled over four hundred twenty-five (425) proofs of claim filed against the Debtors' estates. In addition, the Plaintiff has pursued the avoidance and recovery of preferential transfers against over two hundred creditors. A significant amount of time and effort was spent prior to the commencement of these preference complaints seeking consensual settlements with respect to the avoidance of preferential transfers.

On October 29, 2004, the Plaintiff commenced forty (40) adversary proceedings, which are all pending before the Bankruptcy Court. Over the past two years, the Plaintiff has filed numerous substantive objections to the proofs of claim and sought reconciliation of the administrative claims filed against the Debtors' estates.

At this point in time, the only remaining items remaining for the Plaintiff prior to distribution to unsecured creditors and closing of the case is the resolution of seven (7) adversary proceedings and the reconciliation of approximately 25 proofs of claim and related claim matters. The pending adversary proceedings are set for trial on June 7, 2005 and August 9, 2005. The current pending omnibus claim objections are scheduled to be heard before the Bankruptcy Court on July 6, 2005. One or two more omnibus claim objections will be filed within the next two (2) months. The Plaintiff anticipates a

DEL1 61228-1

winding down of this estate within the next six (6) to nine (9) months. If this Adversary Proceeding is transferred to the District Court pursuant to the pending Motion, and place on the standard litigation track in the District Court, effective administration and closing of this estate could be delayed by at least one (1) year or more.

**D.      In the Alternative, Plaintiff Seeks Expedited Listing for Trial of the Adversary Proceeding if the Reference is Withdrawn**

If this Court grants the Defendant's Motion to Withdraw the Reference and transfers the pending Adversary Proceeding to the District Court, the Plaintiff asserts the need for special handling in the form of expedited trial. Time is truly of the essence and any delay in the setting of trial of this Adversary Proceeding will hinder the distribution to unsecured creditors under the Plan and wind down and wrap up of this bankruptcy estate.

As stated above, the remaining trials in all pending adversary proceedings are currently scheduled for June 7, 2005 and August 9, 2005. The Liquidating Trustee believes that all claim objections and reconciliations will be concluded within the next four (4) months. As it stands, the only thing that will prevent the Plaintiff from distributing the balance of its estate is this Adversary Proceeding, if transferred to the District Court.

Discovery is complete and has closed. There are no remaining items open except for the Defendant's Motion for Summary Judgment[4] and the trial set for June 7, 2005. Thus, if this court were to withdraw the reference, the Plaintiff seeks setting of an immediate trial date so that the estate will not suffer any further and undue prejudice.

---

[4]    Contemporaneously with the filing of this Motion the Defendant filed a Motion for Summary Judgment which is pending before the Honorable Paul B. Lindsey.

DEL1 61228-1

## V.     CONCLUSION.

For the foregoing reasons, Howard Cohen, as Liquidating Trustee for the Estates

of Morton Holdings LLC, Morton Custom Plastics LLC and Morton Lebanon Kentucky

IBRB, LLC respectfully requests that this Court deny the Motion of Defendant Primex

Plastics Corporation for Withdrawal of the Reference.

Dated:   May 2, 2005

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS, LLP

BY: _____
Steven K. Kortanek (#3106)
Stephanie A. Fox (#3165)
919 Market Street, Suite 1000
Wilmington, DE 19801
(302) 426-1189 Telephone
(302) 426-9193 Facsimile

and

Carolyn H. Dicker
260 South Broad Street
Philadelphia, PA  19102-5003
(215) 568-6060 Telephone
(215) 568-6603 Facsimile

Attorneys for Howard Cohen, as
Liquidating Trustee

13

DEL1 61228-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MORTON HOLDINGS, LLC, et al., | Case No. 02-13224 (PJW) |
| Debtors. | Jointly Administered |
| HOWARD S. COHEN, as The Liquidating Trustee of the Liquidating Trust for the estates of MORTON HOLDINGS LLC, MORTON CUSTOM PLASTICS LLC AND MORTON LEBANON KENTUCKY IRRB, LLC | Adv. Pro. No. 04-56106 (PBL) |
| Plaintiff, | |
| v. | |
| PRIMEX PLASTICS CORPORATION, | |
| Defendant. | |

### CERTIFICATION OF SERVICE

I, Stephanie A. Fox, hereby certify that on this 2nd day of May, 2005, I caused one copy of the *Answering Brief Of Howard S. Cohen, As Liquidating Trustee, In Opposition To Motion Of Primex Plastics Corporation For Withdrawal Of The Reference* to be served upon the following parties Via United States First Class Mail.

Roland Jones, Esquire
Jones Day
222 East 41st Street
New York, NY 10017-6702

Ronald Drescher, Esquire
Drescher and Associates, P.A.
4 Resevoir Circle, Suite 107
Baltimore, MD 21208

Stephanie A. Fox (#3165)

DEL1 61228-1